[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO ADD PARTY DEFENDANTS #111; MOTION FOR APPOINTMENT OF GUARDIANS AD LITEM #112.
The appellants, Hale W. Hetherington, Lorretta Hetherington Crawford, Eleanor Hetherington Mead, Marylou Stewart, Richard Stewart, and Barbara Stewart Elworthy filed a motion for appeal from probate on October 12, 1988 and the reasons therefore on November 2, 1988. The motion for appeal states that the appellants are the living income beneficiaries and remaindermen of a certain testamentary trust created under the sixth article of the Last Will and Testament of Marietta Neff, which last Will and Testament is dated July 25, 1958. By virtue of the Ninth Article of the aforementioned Last Will and Testament, the appellee, Connecticut Bank and Trust Company, is the trustee of the testamentary trust. See Exhibit A.
On July 30, 1990, the appellee filed: (1) a motion to add party defendants, #111; and (2) a motion for appointment of guardians ad litem, #112. The motion to add party defendants seeks to add the following heirs at law of Marietta Neff, who the appellee claims are indispensable parties to this action the Estate of Elizabeth Ertman, Margaret Bosse, Helene Willcening, and the Estate of Eleanor Alice Hetherington.
The Sixth Article of the Last Will and Testament of Marietta Neff provides that;
 All the rest, residue and remainder of my property and estate both real and personal, of every name and nature and wheresoever the same may be situated, I give, devise and bequeath to my Trustee hereinafter named, in trust nevertheless, and upon the following uses in trust:
 (a) To pay the net income of said trust to my sister, ELEANOR ALICE NEFP HETHERINGTON, residing at 1445 Marpole Avenue, Vancouver 9, B.C., Canada, during her life in convenient installments, payments to be made quarterly, and said Trustee shall have full power and authority to pay over to my said sister, or to apply for her use, for her maintenance, comfort and support, such amounts of principal as such Trustee shall deem necessary or desirable to carry out the purposes of this trust, it being CT Page 7154 my intention also to empower my said Trustee to incur and pay all reasonable funeral expenses for my said sister.
 (b) Upon the death of my said sister, I direct that the trust property then remaining, or if my said sister predeceases me, then all of said trust property shall continue in trust and I direct my said Trustee to pay over one-half of the net income from said trust to my niece, JANE HETHERINGTON STEWART during her life, and the remaining one-half of said income to my nephew, WEBSTER W. HETHERINGTON, during his life, and my said Trustee shall have full power and authority to pay over to or apply for the use of my said niece and my said nephew for their maintenance, comfort and support such amounts of principal as such Trustee shall deem necessary or desirable to carry out the purposes of this trust. It being my intention also to empower my said Trustee to incur and pay all reasonable funeral expenses of my said niece and my said nephew upon their decease.
 (c) In addition to the powers and authority vested in the Trustee in sub-paragraphs (a) and (b) of this Paragraph Sixth said Trustee shall also have full power and authority in its sole discretion at any time or times during the entire period of this trust as provided in sub-paragraph (a) and (b) to apply so much of the principal of the trust as it deems desirable for the education of any of the children of my said nephew or niece ("children" to mean immediate first generation descendants natural or adopted); such payments shall be attributed to and deducted from the share of the trust in respect to which the parent of the child receiving the benefit is receiving income or will later receive income; all such payments to be considered advancements and deducted from the share passing to such child or its issue upon the termination of the trust.
 (d) Upon the termination of the trust provided in sub-paragraphs (a) and (b) above, one-half of the entire trust principal in respect to which my said niece was receiving income at the time of her decease or would have been entitled to receive income, shall vest in her issue per stirpes less any previous payments of principal, if any, to or for the benefit of my said niece; and upon the termination of the trust provided in sub-paragraphs (a) and (b) above, one-half of the entire trust principal in respect to which my said nephew was receiving income at the time of his decease or would have been entitled to receive income, shall vest in his issue per stirpes less any previous payments of principal, if any, to or for the benefit of my said nephew. (Emphasis added).
The appellees' motion to add party defendants is denied as to the estate of Elizabeth Ertman, Margaret Bosse, and Helena Wilkening since these individuals are the nieces of Marietta Neff and were not beneficiaries under the terms of the trust (See Article 6(b)2. The motion is also denied as to the Estate of Eleanor Alice Hetherington because Article 6(a)(b) provides this individual with a life estate in CT Page 7155 the income interest of the trust and further provides that "upon the death of my said sister [Eleanor Alice Hetherington], I direct that the trust property then remaining. . .shall continue in trust and I direct my said Trustee to pay over one-half of the net income to my niece, Jane Hetherington Stewart. . .and the remaining one-half of said income to my nephew, Webster W. Hetherington. . . ."
The motion for appointment of guardians ad litem seeks to appoint guardians ad litem for (1) the born, unborn and undetermined issue of Lorna Crawford, Eleanor Mead, and Hale Hetherington, the children of Webster W. Hetherington and (2) the unborn and undetermined issue of Jane Hetherington Stewart. This motion is denied since Lorna Crawford, Eleanor Mead, and Hale Hetherington are living and of age. The motion is also denied as to the issue of Jane Hetherington Stewart as she is still living and her interest in the trust will not terminate until her death.
PICKETT, J.
[EDITORS' NOTE: EXHIBIT `A' IS ELECTRONICALLY NON-TRANSFERRABLE.]